# EXHIBIT A



# Service of Process Transmittal
12/24/2020
CT Log Number 538796567

| | |
|---|---|
| **TO:** | Kathy Rademacher<br>Prysmian Cables And Systems (Us) Inc<br>4 TESSENEER DR, (019889)<br>HIGHLAND HEIGHTS, KY 41076-9136 |
| **RE:** | **Process Served in Connecticut** |
| **FOR:** | General Cable Industries, Inc.  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Edwin Rivera, Pltf. vs. General Cable Industries, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Statement |
| **COURT/AGENCY:** | Windham Superior Court Judicial District, CT<br>Case # NONE |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - 09/20/2019 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, East Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/24/2020 at 12:37 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | 02/02/2021 |
| **ATTORNEY(S) / SENDER(S):** | John E. Sheer<br>Law Offices of Cicchiello & Cicchiello, LLC<br>582 West Main Street<br>Norwich, CT 06360<br>860-886-9300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/24/2020, Expected Purge Date: 12/29/2020<br><br>Image SOP<br><br>Email Notification,  Kathy Rademacher  kathy.rademacher@prysmiangroup.com<br><br>Email Notification,  Tosan Scott-Emuakpor  tosan.scottemuakpor@prysmiangroup.com<br><br>Email Notification,  Robert Hust  robert.hust@prysmiangroup.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>67 Burnside Ave<br>East Hartford, CT 06108<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)



# Service of Process Transmittal
12/24/2020
CT Log Number 538796567

**TO:** Kathy Rademacher
Prysmian Cables And Systems (Us) Inc
4 TESSENEER DR, (019889)
HIGHLAND HEIGHTS, KY 41076-9136

**RE:** Process Served in Connecticut

**FOR:** General Cable Industries, Inc.  (Domestic State: DE)

of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**SUMMONS - CIVIL**
JD-CV-1   Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

Instructions are on page 2.

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 155 Church St Ste 1, Putnam, CT 06260 | ( 860 ) 928 – 7749 | 02/02/2021 |

| ☒ Judicial District   ☐ Housing Session | G.A. Number: | At (City/Town) Windham | Case type code (See list on page 2) Major: T   Minor: 90 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| Law Offices of Cicchiello and Cicchiello, LLC, 582 West Main Street, Norwich, CT 06360 | 419515 |

| Telephone number | Signature of plaintiff (if self-represented) |
|---|---|
| ( 860 ) 886 – 9300 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed)

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: Rivera Edwin  Address: 68 Spruce Street, Unit 6, Manchester, CT 06040 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: General Cable Industries, Inc.  Address: 4 Tesseneer Drive, Highland Heights, KY, 41076 | AFS: C T Corporation System  67 Burnside Ave., East Hartford, CT 06108-3408 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**Notice to each defendant**
1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date 12/21/2020 | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court  ☐ Clerk | Name of person signing John E. Sheer, Esq. |

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |

Page 1 of 2

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.

    Do *not* use this summons for the following actions:
    - (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
    - (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
    - (c) Applications for change of name
    - (d) Probate appeals
    - (e) Administrative appeals
    - (f) Proceedings pertaining to arbitration
    - (g) Summary Process (Eviction) actions
    - (h) Entry and Detainer proceedings
    - (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | C 90 | All other | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other |
| | M 68 | Bar Discipline - Inactive Status | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | |
|---|---|
| RETURN DATE: FEBRUARY 2, 2021 | SUPERIOR COURT |
| EDWIN RIVERA | J. D. OF WINDHAM |
| VS. | AT PUTNAM |
| GENERAL CABLE INDUSTRIES, INC. | DECEMBER 21, 2020 |

## COMPLAINT

**FIRST COUNT:**   **Disability Discrimination – State Law Claims**

1. At all times mentioned herein, the **plaintiff, Edwin Rivera**, was and is a resident of the town of Manchester, County of Hartford, and State of Connecticut. The plaintiff is a Hispanic male.

2. At all times mentioned herein, the **defendant, General Cable Industries, Inc.**, was and is a corporation licensed to operate in the State of Connecticut and operates manufacturing facility at 1600 West Main Street in Willimantic, Connecticut. At all times herein mentioned, the defendant employed at least 15 employees.

3. On or about 1996, the plaintiff began working for the plaintiff as an extrusion operator.

4. The plaintiff suffers from severe and chronic low back pain due to an injury suffered in the course of his employment with the defendant. This low back condition required lumbar fusion surgery and continuing medical treatment, causing the plaintiff to be absent from work. In addition, the plaintiff suffers from severe and chronic anxiety and depression. All of these conditions substantially limit one or more of plaintiff's major life activities. However, the plaintiff still performed the essential functions of his position in a satisfactory and capable manner.

5.  On or about 2017, the plaintiff began to suffer from a course of discrimination committed by the defendant, its agents, servants, or employees, because of plaintiff's race and mental and physical disabilities. In particular, conduct discriminatory and harassing in nature against plaintiff by defendant, its agents, servants or employees, consisted of the following:

   a.  In 2017, the plaintiff began to exercise his rights under the Family and Medical Leave Act (FMLA) to care for his son, who resides with plaintiff and has severe medical conditions requiring plaintiff's attention. The plaintiff began to experience harassment and was treated more harshly than other employees who were not utilizing FMLA leave.

   b.  On or about August 2019, the plaintiff began to suffer from severe depression caused by the defendant's hostile work environment. On August 5, 2019, the plaintiff's treating psychiatrist disabled plaintiff from work because it was not safe for plaintiff to work due to his medical conditions. In particular, the plaintiff was having blackouts from a new medication. A note disabling the plaintiff from work as of August 5, 2019 was furnished to the defendant.

   c.  On August 6, 2019 and August 9, 2019, the defendant accused the plaintiff of being a "no-call/no-show," but failed to provide the plaintiff with any written documentation regarding this discipline. Further, the plaintiff was not a "no call/no show" as the plaintiff provided documentation in advance to excuse these absences and telephoned Molly of the defendant's Human Resources (HR) office before the scheduled workdays.

      d.      The plaintiff's physician released the plaintiff to work as of September 4, 2019.

      e.      On or about September 4, 2019, the plaintiff reported to work, but was informed that he was suspended. The plaintiff was then walked off the premises by Chris Snyder, the head supervisor on the floor.

      f.      On or about September 20, 2019, the plaintiff had an off-site meeting with Molly, defendant's HR representative, and Union officials. At that time, the plaintiff informed Molly that the plaintiff had not received any documentation or any other notice regarding the suspension. During this meeting, Molly indicated that the plaintiff was terminated and the individuals within the company making the decision to terminate the plaintiff were herself, John Andrews and Tony the supervisor of Human Resources.

6.      The defendant discriminated against plaintiff and discharged the plaintiff because of plaintiff's disabilities in violation of Connecticut General Statutes § 46a-60(b)(1). The decisions to suspend and terminate the plaintiff were discriminatory and illegally based on the plaintiff's mental and physical disabilities. The plaintiff provided the defendant with proper medical documentation, through the proper channels, disabling the plaintiff from work. Nevertheless, the defendant terminated the plaintiff for reasons associated with his disabilities and medical conditions.

7.      The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity

Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on October 9, 2020.

8.   As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

9.   As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

10.  As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT TWO: Racial Discrimination – State Law Claims**

1-5.  Paragraphs one through five of Count One are incorporated herein and made paragraphs one through five of this Count Two as if fully set forth herein.

6.   The defendant unlawfully discriminated against plaintiff and terminated plaintiff's employment based on plaintiff's race in violation of Connecticut General Statute § 46a-60 (b)(1). The defendant treated non-Hispanic employees more favorably than the plaintiff, especially as it concerns the processing of FMLA claims. The defendant permitted non-Hispanic employees to return to work without any difficulty; whereas, the plaintiff was harassed about his use of FMLA leave and was not allowed to return to work after receiving medical clearance to work.

7.   The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and

Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on October 9, 2020.

8. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

9. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

10. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT THREE:    Disability Discrimination – Federal Law Claims**

1-5. Paragraphs one through five of Count One are incorporated herein and made paragraphs one through five of this Count Three as if fully set forth herein.

6. The defendant wrongfully terminated plaintiff's employment in because of his disabilities in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The decisions to suspend and terminate the plaintiff were discriminatory and illegally based on the plaintiff's mental and physical disabilities. The plaintiff provided the defendant with proper medical documentation, through the proper channels, disabling the plaintiff from work. Nevertheless, the defendant terminated the plaintiff for reasons associated with his disabilities and medical

conditions.

7. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on October 9, 2020.

8. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

9. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

10. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**COUNT FOUR:**     **Racial Discrimination – Federal Law Claims**

1-5. Paragraphs one through five of Count One are incorporated herein and made paragraphs one through five of this Count Four as if fully set forth herein.

6. The plaintiff was unlawfully discharged because of his race in violation of the Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq. The defendant treated non-Hispanic employees more favorably than the plaintiff, especially as it concerns the processing of FMLA claims. The defendant permitted non-Hispanic employees to return to work without any difficulty;

whereas, the plaintiff was harassed about his use of FMLA leave and was not allowed to return to work after receiving medical clearance to work.

7. The plaintiff initiated a complaint to the Connecticut Commission on Human Rights and Opportunities (CHRO), which was filed concurrently with the Equal Employment Opportunity Commission (EEOC) pursuant to their work-sharing agreement, for his state and federal complaints and has exhausted all administrative remedies having received a Release of Jurisdiction from the CHRO on October 9, 2020.

8. As a proximate result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of substantial employment wages and earnings.

9. As a further result of defendant's unlawful discrimination, the plaintiff has been and will be deprived in the future of health and medical insurance benefits, retirement and pension benefits, vacation pay, sick pay and other benefits made available through his employment.

10. As a further result of defendant's unlawful discrimination, the plaintiff has suffered and will continue to suffer in the future, emotional and psychological pain and suffering, mental anguish, humiliation, embarrassment and low self-esteem.

**WHEREFORE**, the plaintiff claims:

1. Money damages;

2. Back pay and front pay;

3. Attorney's fees;

4. Costs;

5. Such other remedies as available under law and/or equity and as the Court deems appropriate;

6. A trial by jury.

                    THE PLAINTIFF, EDWIN RIVERA

BY  /s/ John E. Sheer
       John E. Sheer, Esq.
       Lorenzo J. Cicchiello, Esq.
       Law Offices of Cicchiello & Cicchiello, LLC
       582 West Main Street
       Norwich, CT 06360
       860.886.9300 phone
       860.886.5963 fax
       Firm Juris # 419515

| | | |
|---|---|---|
| RETURN DATE: FEBRUARY 2, 2021 | : | SUPERIOR COURT |
| EDWIN RIVERA | : | J. D. OF WINDHAM |
| VS. | : | AT PUTNAM |
| GENERAL CABLE INDUSTRIES, INC. | : | DECEMBER 21, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand for the above-referenced matter is greater than FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of costs and interest.

THE PLAINTIFF, EDWIN RIVERA

BY  /s/ John E. Sheer
John E. Sheer, Esq.
Lorenzo J. Cicchiello, Esq.
Law Offices of Cicchiello & Cicchiello, LLC
582 West Main Street
Norwich, CT 06360
860.886.9300 phone
860.886.5963 fax
Firm Juris # 419515

STATE OF CONNECTICUT:
: SS. WEST HARTFORD        December 23, 2020
COUNTY OF HARTFORD :

THAT on December 22, 2020, I made due and legal service of the within original Writ, Summons and Complaint by leaving a true and attested copy with and in the hands of Gary Scappini, Manager for C T Corporation System, whom is the duly authorized Statutory Agent to accept service on behalf of the within named defendant:

**GENERAL CABLE INDUSTRIES, INC.**

At 67 Burnside Avenue, East Hartford, CT.

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS AND COMPLAINT WITH MY DOINGS HEREON ENDORSED.

FEES:

| | |
|---|---|
| SERVICE | $ 40.00 |
| TRAVEL | $ 18.80 |
| ENDORSEMENTS | $ 1.20 |
| PAGES | $ 11.00 |
| TOTAL | $ 71.00 |

ATTEST:

SCOTT M. KRAIMER
STATE MARSHAL
HARTFORD COUNTY

**SCOTT M. KRAIMER**
CONNECTICUT STATE MARSHAL
P.O. Box 271621 • West Hartford, CT 06127-1621 • 860-521-1223